# EXHIBIT A

# Case Information

## CHARLES RAY WHITE Jr vs. JOSEPH D. E
42501

⟳ Refresh     📁🔒     ◎🔒     🖨     ⤴     [ File Into ]

Notice: We will be updating re:SearchTX this weekend starting at 7 PM this Friday, April 15th and continuing through at 10 PM on Sunday, April 17th. During that time, the site will be unavailable. Thanks for your patience.

| Location | Case Category | Case Type | Case Filed Date |
|---|---|---|---|
| Titus County - District Clerk | Civil - Injury or Damage | Motor Vehicle Accident | 3/2/2022 |

## Parties ③

| Type | Name | Attorneys |
|---|---|---|
| Plaintiff | CHARLES RAY WHITE Jr ▾ | Donovan Brittian ▾ |
| Defendant | SUMMIT ENERGY SERVICES, INC. ▾ | |
| Defendant | JOSEPH D. EINCK ▾ | |

## Events ④

Oldest     Search events     [ 🔍 ]  [ ⊘ ]                    [ + All ]  [ − All ]

### Petition
**File Date** 3/2/2022                                                        ⤴

PLAINTIFF'S ORIGINAL PETITION

| Name | Description | Security Description | Pages | Price | |
|---|---|---|---|---|---|
| POP BTA - White Charles.pdf | POP BTA - White, Charles.pdf | Does not contain sensitive data | 7 | $1.00 | 🛒 Add |

### Request
**File Date** 3/3/2022                                                        ⤴

Request Citations

| Name | Description | Security Description | Pages | Price | |
|---|---|---|---|---|---|
| Titus Crt Ltr Req Citation cnl.pdf | Titus Crt Ltr Req Citation cnl.pdf | Does not contain sensitive data | 1 | $1.00 | Available until 5/5/22 |

### No Fee Documents
**File Date** 3/21/2022                                                       ⤴

| Name | Description | Security Description | Pages | Price | |
|---|---|---|---|---|---|
| Summit Energy RoS.pdf | Summit Energy RoS.pdf | Does not contain sensitive data | 1 | $1.00 | Available until 5/5/22 |

### Answer/Response
**File Date** 4/11/2022                                                       ⤴

Defendant, Summit Energy Services, Inc.'s Original Answer

| Name | Description | Security Description | Pages | Price | |
|---|---|---|---|---|---|
| Summit Energy's Original Answer.pdf | Summit Energy's Original Answer.pdf | Does not contain sensitive data | 2 | $1.00 | 🛒 Add |

© 2022 Tyler Technologies, Inc. | All Rights Reserved
Version: 2022.3.0.10073

EMPOWERED BY
TYLER TECHNOLOGIES

Titus County - District Clerk

Filed: 3/2/2022 11:58 AM
Marcus Carlock
District Clerk
Titus County, Texas

Sharolyn Redar

NO. ___42501___

| | | |
|---|---|---|
| CHARLES R. WHITE, JR. | § | IN THE DISTRICT OF |
| Plaintiff, | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| JOSEPH D. EINCK AND SUMMIT | § | |
| ENERGY SERVICES, INC. | § | |
| Defendants. | § | TITUS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES CHARLES R. WHITE, JR., hereinafter called Plaintiff, complaining of and about JOSEPH D. EINCK and SUMMIT ENERGY SERVICES, INC., hereinafter called Defendant, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff intends that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2.      Plaintiff, CHARLES R. WHITE, JR., is an Individual whose is a resident of Texas.

3.      The last three numbers of CHARLES R. WHITE, JR.'s social security number are 968.

4.      Defendant JOSEPH D. EINCK, an Individual who is a resident of O'Brien County, IA, and may be served with process at home at the following address:  515 S. Green Avenue, Primghar, IA 51245.  Service of said Defendant as described above can be effected by personal delivery.

5.      Defendant SUMMIT ENERGY SERVICES, INC. is a corporation licensed to do business in the State of Texas and can be served with process through its registered agent, Corporation

Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

6.      The subject matter in controversy is within the jurisdictional limits of this court.

7.      Plaintiff seeks:

     a.      monetary relief over $250,000 but not more than $1,000,000.

8.      This court has jurisdiction over the parties because Plaintiff is a Texas resident.

9.      Venue inTitus County is proper in this cause.

## FACTS

10.     On December 1, 2020, Plaintiff was traveling, in a safe and prudent manner, eastbound on IH-30 in Titus County, Texas. Defendant was also traveling the same direction, in the lane next to Plaintiff, when he suddenly and without warning, failed to keep a proper lookout as he merged lanes, colliding into Plaintiff's vehicle.

11.     As a result of the incident described herein, Plaintiff suffered serious injuries that required medical treatment. The treatment sought by Plaintiff was reasonable and necessary for the injuries he sustained.

## RESPONDEAT SUPERIOR

12.     Whenever in this Petition it is alleged that Defendants did or failed to do any particular act and/or omission, it is meant that Defendants, acting individually, or by and through agents, officers, directors, servants, and employees, either did or failed to do that particular act and/or omission, in the course and scope of his employment, agency or contract with Defendants, and in furtherance of Defendants' business. Pursuant to Texas Rules of Civil Procedure 28, any entity

doing business under an assumed name may be sued in its assumed name for the purpose of enforcing against it a substantive right.

## NEGLIGENCE PER SE

13.     Defendants, collectively, individually, and/or through its agents or employees, violated safety rules and regulations that are intended to protect against the harm that resulted and to  protect the Plaintiff and class of persons to which she belongs.

14.     Defendants violated, among other safety rules, sections 542.206, 545.062 and 545.351  of the Texas Transportation Code, and other safety standards and regulations designed to protect against the type of  harm that resulted from Defendants' negligent and grossly negligent operation of the tractor trailer  involved in the incident in questions.

15.     The safety standards were intended to   protect members of the public, including the Plaintiff CHARLES R. WHITE, JR.. Defendants' violation of these  safety rules, regulations, and industry safety standards constitutes *negligence per se.*

## PLAINTIFF'S CLAIM OF NEGLIGENCE
## AGAINST JOSEPH D. EINCK

16.     Plaintiff would show that Defendant JOSEPH D. EINCK was the driver of a 2006 White Ford Econoline Van operated for profit. Further, Plaintiff would show this Court that the negligent acts and  omissions of the Defendant JOSEPH D. EINCK and statutory violations, as set out herein, separately  and collectively, were a direct and proximate cause of the incident in question and the resulting  injuries and damages sustained by Plaintiff.  Any statutory violations constitute negligence *per* se.

17.     Defendant's violation of §545.351 of the Texas Transportation Code, as well as other  sections of the Texas Transportation Code constitutes negligence per se. These rules were designed for the protection of a class of persons  including Plaintiff.  Defendant's

violations of these rules and statutes created a risk of injury to Plaintiff which the standards were designed to protect against. Such negligence was a proximate cause of the injuries and damages suffered by the Plaintiff.

18.     The negligent, careless and reckless disregard of the duty owed by Defendant JOSEPH D. EINCK also consisted of, but is not limited to, the following acts and omissions:

   a.   failing to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;
   b.   failing to yield as a person of prudent care would have done;
   c.   failing to take reasonable care in controlling his vehicle;
   d.   operating his vehicle without due regard for the rights of others;
   e.   driver inattention;
   f.   failure to control his vehicle;
   g.   violating §545.351 of the Texas Transportation Code;
   h.   failing to comply with the Federal Motor Carrier Safety Regulations; and
   i.   such additional acts of negligence, which will be established as the case progresses.

## PLAINTIFF'S CAUSE OF ACTION
## AGAINST SUMMIT ENERGY SERVICES, INC.

19.     The negligent acts and omissions of Defendant SUMMIT ENERGY SERVICES, INC. and statutory violations, as set out herein, separately and collectively, were a direct and proximate cause of the incident in question and the resulting injuries and damages sustained by Plaintiff. Any statutory violations constitute negligence *per* se. More specifically, Defendants violated §545.351 of the Texas Transportation Code, among others.

20.     Defendants' violations of these rules and statutes created a risk of injury to Plaintiff which the standards were designed to protect against. Such negligence was a proximate cause of the injuries and damages suffered by the Plaintiff.

21.     Defendants' negligent acts and omissions also include, among others, the following:

   a.  At the time and on the occasion in question, Defendant JOSEPH D. EINCK was in the course and scope of his employment with Defendant SUMMIT ENERGY SERVICES, INC. by virtue of the theory of respondeat superior, Defendant SUMMIT ENERGY SERVICES, INC. is liable for all acts and omissions of negligence of its agent, employee, or representative, Defendant Mr. JOSEPH D. EINCK;

   b.  entrusting the vehicle to Defendant Mr. JOSEPH D. EINCK when Defendant SUMMIT ENERGY SERVICES, INC. knew or should have known that Defendant JOSEPH D. EINCK was an incompetent driver, unqualified to drive a commercial motor vehicle, inadequately trained, and/or reckless;

   c.  failing to properly train Defendant JOSEPH D. EINCK in the operation of the vehicle in question;

   d.  hiring and entrusting incompetent drivers, including Mr. JOSEPH D. EINCK, with the right to operate a commercial motor vehicle;

   e.  failing to do what a reasonably prudent motor carrier would do under the same and similar circumstance;

   f.  failing to comply with the Texas Transportation Code; and

   g.  such other acts of negligence, which will be established as the case progresses.

22.   Defendant's conduct was conducted with reckless disregard of the safety of others, including Plaintiff, and conscious indifference to the rights, welfare and safety of those persons affected by it, including Plaintiff.

## GROSS NEGLIGENCE

23.   Plaintiff respectfully shows this court and jury that the injuries and damages that Plaintiff sustained in the incident in question were caused by the gross negligence of Defendants acting by and through their employees, agents, drivers, officers, and representatives in the course of employment for said Defendants.

24.   Plaintiff would further show, these acts and omissions, when viewed from the standpoint of Defendants, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risks of their conduct, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

25.     Additionally, Defendant SUMMIT ENERGY SERVICES, INC. is grossly negligent as a result of recklessly hiring and entrusting a commercial motor vehicle to Mr. JOSEPH D. EINCK, who was unqualified, through training and/or experience, to operate a commercial motor  vehicle. The reckless hiring of and entrusting a commercial motor vehicle to Mr. JOSEPH D. EINCK, who  was unfit to operate a commercial motor vehicle, proximately caused Plaintiff's damages.

26.     As such, Defendants are grossly negligent and should be subjected to exemplary damages.

## DAMAGES FOR PLAINTIFF CHARLES R. WHITE, JR.

27.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff CHARLES R. WHITE, JR. has suffered severe injuries and incurred the following damages:

    a.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, CHARLES R. WHITE, JR., for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges  are reasonable and were usual and customary charges for such services;

    b.    Reasonable and necessary medical care and expenses that will, in all reasonable probability, be incurred in the future;

    c.    Physical pain and suffering in the past;

    d.    Physical pain and suffering that will, in all reasonable probability, be suffered  in the future;

    e.    Physical impairment in the past;

    f.    Physical impairment which, in all reasonable probability, will be suffered in  the future;

    g.    Mental anguish in the past;

    h.    Mental anguish which, in all reasonable probability, will be suffered in the future;

    i.    Loss of earnings and/or earning capacity in the past;

    j.    Loss of earning capacity, which, in all probability, will be incurred in the future;

    k.    Disfigurement in the past and future; and

    j.    Cost of medical monitoring and prevention in the future.

## INITIAL DISCLOSURES

Pursuant to Texas Rule of Civil Procedure 194.2, Plaintiff is required to disclose, within

thirty (30) days of the filing Answer, the information or materials described in Rule 194.2.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, CHARLES R. WHITE, JR.,

respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final

hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an

amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and

as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code, together with

pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate

allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further

relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**GODSEY MARTIN, PC**

By _____

Donovan S. Brittian
Texas Bar No. 24107713
ServiceE-mail:gmlit@gmfirm.com
15000 Surveyor Blvd.
Addison, TX 75001
Tel. (214) 744-3339
Fax. (469) 620-0035
**ATTORNEY FOR PLAINTIFF**

CORRESPONDENCE, E-SERVED DOCUMENTS,
NOTICES AND ORDERS ARE ONLY ACCEPTED
AT DESIGNATED E-SERVICE EMAIL ADDRESS
(GMLIT@GMFIRM.COM). SERVICE ON ANY
OTHER EMAIL ADDRESS WILL BE CONSIDERED
INVALID

Filed: 3/3/2022 10:59 AM
Marcus Carlock
District Clerk
Titus County, Texas
Sharolyn Redar



March 3, 2022+

District Court Titus County
105 W. 1ˢᵗ Street, #102
Mt. Pleasant, Texas 75455

   Re: Cause No.: 42501; Charles R. White, Jr. v. Joseph D. Einck and Summit Energy
     Servicecs, Inc.

Dear Clerk,

   Please issue citations for the Defendants named below. Document to be served is Plaintiff's
Original Petition, filed on March 2, 2022.

     Joseph D. Einck
     515 S. Green Avenue
     Primghar, IA 51245
     Or wherever Defendant may be found

     Summit Energy Services, Inc.
     Registered Agent: Corporation Service Company d/b/a CSC Lawyers
     Incorporating Service Company
     211 E. 7ᵗʰ Street, Suite 620
     Austin, Texas 78701

   Please send Citations by email to gmlit@gmfirm.com.

   Thank you for your courteous attention to this matter. If you have any questions, please do
not hesitate to contact me.

      Respectfully,

      *Carla Lopez*

      Carla Lopez
      Litigation Paralegal to
      Donovan Brittian, Attorney
      clopez@gmfirm.com
      972-918-3776 x.8079, Team 16

Copy from re:SearchTX

## AFFIDAVIT OF SERVICE

Filed: 3/21/2022 3:17 PM
Marcus Carlock
District Clerk
Titus County, Texas
Sharolyn Redar

**State of Texas**                        **County of Titus**                        **District Court**

Case Number: 42501

Plaintiff:
**Charless R. White, Jr.**

vs.

Defendant:
**Joseph D. Einck and Summit Energy Services, Inc.**

For:
Godsey Martin, P.C.
1909 Woodall Rodgers Freeway
Ste. 200
Dallas, TX 75201

Received by Dane Ray Cuppett on the 17th day of March, 2022 at 5:04 pm to be served on **Summit Energy Services, Inc. c/o Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Travis County, TX 78701.**

I, Dane Ray Cuppett, being duly sworn, depose and say that on the **18th day of March, 2022 at 1:08 pm, I:**

executed to the **REGISTERED AGENT** by delivering a true copy of the **Citation and Plaintiff's Original Petition** with the date of delivery endorsed thereon by me, to **Evie Lichtenwalter, Corporation Service Company** as the designated agent to accept delivery of process at the address of **211 E. 7th Street, Suite 620, Austin, Travis County, TX 78701** on behalf of **Summit Energy Services, Inc.** and informed said person of the contents therein.

I certify that I am over the age of 18, have no interest in the above action, and am a certified process server, in good standing, in the judicial circuit in which the foregoing occurred.  The facts in this affidavit are within my personal knowledge and true and correct.

Subscribed and sworn to before me on the 18th
day of March , 2022 by the affiant
who is personally known to me.

NOTARY PUBLIC

NICOLE M. WADE
My Notary ID # 129086987
Expires August 9, 2024

**Dane Ray Cuppett**
PSC-7114, Exp. 10/31/23

3/18/2022
**Date**

**Malone Process Service, LLC**
P.O. Box 720040
Dallas, TX 75372
(877) 997-3783

Our Job Serial Number: ATX-2022002989

Copy from re:SearchTX

```
============================================================
                          CAUSE NO.                    42501
============================================================
    IN  .  THE    DISTRICT    COURT    OF    TITUS    COUNTY,    TEXAS
```

ATTORNEY FOR PLAINTIFF OR PLAINTIFF

MARCUS CARLOCK, DISTRICT CLERK          DONOVAN S. BRITTIAN            *
P.O. BOX 492-COURTHOUSE ANNEX           15000 SURVEYOR BLVD.          *
MT. PLEASANT, TEXAS 75456-0492          ADDISON, TX 75001             *

```
============================================================
      C I T A T I O N   F O R   P E R S O N A L   S E R V I C E
============================================================
```
THE STATE OF TEXAS

NOTICE TO DEFENDANT:
       YOU  HAVE  BEEN  SUED.  YOU  MAY  EMPLOY  AN  ATTORNEY. IF  YOU  OR  YOUR
ATTORNEY  DO  NOT  FILE A  WRITTEN  ANSWER  WITH THE  CLERK WHO  ISSUED  THIS
CITATION  BY 10:00 A.M.  ON  THE  MONDAY NEXT  FOLLOWING THE  EXPIRATION  OF
TWENTY  DAYS AFTER  YOU WERE  SERVED THIS  CITATION AND  PETITION, A DEFAULT
JUDGMENT MAY BE TAKEN AGAINST YOU.  IN ADDITION TO FILING A WRITTEN ANSWER
WITH THE CLERK, YOU MAY BE REQUIRED TO MAKE INITIAL DISCLOSURES TO THE
OTHER PARTIES OF THIS SUIT.  THESE DISCLOSURES GENERALLY MUST BE MADE NO
LATER THAN 30 DAYS AFTER YOU FILE YOUR ANSWER WITH THE CLERK. FIND OUT MORE
AT TEXASLAWHELP.ORG

To:  SUMMIT ENERGY SERVICES, INC
     %CORPORATION SERVICE COMPANY
     211 E. 7TH ST SUITE 620
     AUSTIN, TX 78701

**DELIVERED**

3 / 18 / 2022

BY: ____  PSC: 214

**ATX Process, LLC**

DEFENDANT - GREETINGS:
       You  are  hereby  commanded to appear by filing a written answer to the
PLAINTIFF'S         O R I G I N A L                              petition
at  or  before  ten  o'clock a.m.  of  the  Monday next after the expiration
of  twenty  days  after  the  date  of  service  of this citation before the
Honorable  District  Court  of TITUS County, Texas at the Courthouse of said
County in TITUS, Texas.

       Said              O R I G I N A L                         petition
was  filed  in  said  court, on  the  2nd  day of March    A.D., 2022   in
this  cause, numbered          42501 on the docket of said court & styled:

CHARLES R. WHITE, JR              VS      JOSEPH D EINCK AND
                                          SUMMIT ENERGY SERVICES, INC


       The nature of this demand is fully  shown by a true and correct copy of
the petition, accompanying this citation and made a part hereof.

       The officer executing this writ shall promptly serve the same according
to requirements of law, and mandates thereof, and make due return as the law
directs.

       Issued  and  given  under  my hand and seal of said court at Mt.
Pleasant Texas, this the  3rd  day of March  A.D., 2022 .

                                          MARCUS CARLOCK, CLERK
                                          76th/276th DISTRICT COURT
                                          TITUS COUNTY, TEXAS

                                          _____ ,Deputy

------------------------------------------------------------
                        SHERIFF'S RETURN

       Came to hand the _____ day of _____  A.D. 2_____,
at _____ o'clock ___ m., and executed at _____, within the County of
_____ at _____ o'clock ___ m. on the _____ day of _____,
2_____, by delivering to the within named _____,
in  person, a true copy of this citation together with the accompanying copy
of  the  petition,  having first attached such copy of such petition to such
copy of citation and endorsed on such copy of citation the date of delivery.


Total Service Fee $_____          _____
DEPUTY:_____              _____ COUNTY, TEXAS

Filed: 4/11/2022 10:29 AM
Marcus Carlock
District Clerk
Titus County, Texas

**CAUSE NO. 42501**

| | | |
|---|---|---|
| **CHARLES R. WHITE, JR.** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **76TH JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **JOSEPH D. EINCK AND SUMMIT** | § | |
| **ENERGY SERVICES, INC.** | § | **TITUS COUNTY, TEXAS** |

<u>**DEFENDANT, SUMMIT ENERGY SERVICES, INC.'S ORIGINAL ANSWER**</u>

TO THE HONORABLE JUDGE OF THE COURT:

**SUMMIT ENERGY SERVICE, INC., ("Summit")** Defendant in the above-styled and numbered cause, file its Original Answer to Plaintiff's Original Petition, and would show the Court as follows:

I.

This Defendant denies generally the allegations contained in Plaintiff's Original Petition, and hereby ask for a trial of the issues before a jury.

II.

Defendant Summit specifically denies that either its employee or vehicle was involved in the accident in question, as it has no employee by the name of Joseph D. Einck, and did not operate any vehicles such as the one alleged to have been involved in the accident at the time of the accident.

WHEREFORE, PREMISES CONSIDERED, **SUMMIT ENERGY SERVICE, INC**

prays that upon final trial, Plaintiff takes nothing, and for such other and further relief, both

general or specific, to which they may be entitled.

Respectfully submitted,

/s/ *Michael Shane O'Dell*

MICHAEL SHANE O'DELL
State Bar No. 24065835
CASH BARKER
State Bar No. 24116073
JAMES M. "JAMIE" PARKER, JR.
State Bar No. 15488710
NAMAN HOWELL SMITH & LEE, PLLC
1300 Summit Ave., Suite 700
Fort Worth, Texas 76102
Telephone: (817) 509-2044
Facsimile:   (817) 509-2060
sodell@namanhowell.com
cbarker@namanhowell.com
jparker@namanhowell.com

**ATTORNEYS FOR DEFENDANT,
SUMMIT ENERGY SERVICE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the **11th** day of **April 2022**, the foregoing was filed with the Clerk of Court using the CM/ECF system, and was served on counsel via **E-File Notification:**

Donovan S. Brittian
GODSEY MARTIN, PC.
15000 Surveyor Blvd.
Addison, TX 75001
Telephone: (214) 744-3339
gmlit@gmfirm.com
**ATTORNEYS FOR PLAINTIFF**

/s/ *James M. Parker, Jr.*

JAMES M. " JAMIE" PARKER, JR
SHANE O'DELL
CASH BARKER

Doc# ORIGINAL ANSWER (003).DOC
4876-4117-9930, v. 1

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

James Parker, Jr. on behalf of James Parker, Jr.
Bar No. 15488710
jparker@namanhowell.com
Envelope ID: 63439470
Status as of 4/11/2022 11:25 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Donovan Brittian | 24107713 | gmlit@gmfirm.com | 4/11/2022 10:29:42 AM | SENT |
| Cash Barker | | cbarker@namanhowell.com | 4/11/2022 10:29:42 AM | SENT |
| Michael ShaneO'Dell | | sodell@namanhowell.com | 4/11/2022 10:29:42 AM | SENT |