IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **CHARLES R. WHITE, JR.** | § | |
| | § | |
| **V.** | § | No. 5:22cv48-RWS-JBB |
| | § | |
| **JOSEPH D. EINCK AND SUMMIT** | § | |
| **ENERGY SERVICES, INC.** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The complaint in the above-entitled and numbered civil action was filed in state court in May 2022 but was subsequently removed to the Eastern District of Texas. On April 18, 2022, the case was referred to a United States Magistrate Judge for pretrial purposes in accordance with 28 U.S.C. § 636. The Court recommends Plaintiff's above case against Defendant Joseph D. Einck be **DISMISSED WITHOUT PREJUDICE** for failure to show cause and for failure to perfect service.

### BACKGROUND

In early March of 2022, Plaintiff Charles R. White, Jr. ("Plaintiff") filed this cause of action in the 76th District Court of Titus County, Texas against Defendants Joseph D. Einck and Summit Energy Services, Inc. ("Summit"). Summit received the summons and state court complaint on March 18, 2022. On April 15, 2022, Summit removed the action to this Court (Dkt. No. 1). In the Notice of Removal, Summit states "Defendant, Joseph D. Einck Newman has not been served, and thus his citizenship is irrelevant for purposes of removal." *Id.*, ¶ 4.

On June 8, 2022, Plaintiff and Summit filed a Stipulation of Dismissal Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), requesting the Court dismiss this case against Summit Energy with prejudice. On June 24, 2022, District Judge Schroeder entered an Order dismissing with

prejudice all of Plaintiff's claims against Summit and dismissing with prejudice all of Summit's claims, defenses, or counterclaims for relief against Plaintiff (Dkt. No. 17). The Court noted the Order of Dismissal had no effect on Plaintiff's claims on the remaining Defendant. Following Summit's dismissal, Joseph Dr. Einck was the only remaining Defendant.

## APPLICABLE LAW

Federal Rule of Civil Procedure 4(m) provides that "if a defendant is not served within 90 days after the [action] is [commenced], the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). Rule 4(m) further provides that if a plaintiff shows good cause for the failure to perfect service within the time provided in the rule, the Court shall extend the time for service for an appropriate period. *Id*. For a defendant not served in state court, Rule 4(m)'s "90-day deadline . . . commences at the time of removal, not when the state court petition was filed." *Lantz v. State Farm Mutual Auto. Ins. Co.*, No. 16-318-JJB-RLB, 2017 WL 662989, at *4 n.4 (M.D. La. Feb. 17, 2017).

## DISCUSSION

Pursuant to Rule 4(m), Plaintiff had ninety days – or until July 14, 2022 – to perfect service on Einck—the only Defendant not served at the time of removal. *Schweitzer v. FCA US LLC*, No. CV 21-154-JWD-SDJ, 2022 WL 880035, at *1 (M.D. La. Mar. 4, 2022), *report and recommendation adopted*, No. CV 21-154-JWD-SDJ, 2022 WL 879490 (M.D. La. Mar. 23, 2022) (citing FED. R. CIV. P. 4(m) (service must be made within 90 days of complaint); also citing *Lantz*, 2017 WL 662989, at *4 n.4). As of July 15, 2022, there was nothing on the docket suggesting Plaintiff had attempted service on Einck.

Therefore, on July 15, 2022, the undersigned entered a Show Cause Order, noting that since removal, Plaintiff had never submitted a summons, directed to Einck, for the Clerk to "sign, seal, and issue"—a necessary component of service in federal court, absent a waiver. Dkt. No. 18 (citing *Schweitzer*, 2022 WL 880035, at *1 (citing FED. R. CIV. P. 4(a) (summons must be directed to defendant and signed and sealed by clerk); FED. R. CIV. P. 4(b) (issuance of summons); FED. R. CIV. P. 4(c)(1) (summons must be served with complaint); FED. R. CIV. P. 4(d)(1) (plaintiff may ask defendant to "waive service of a summons"))). The Court further noted the record contains no proof of service on Einck, or waiver of service. *Id.* (citing *Schweitzer*, 2022 WL 880035, at *1 (citing FED. R. CIV. P. 4(l) (proof of service must be made to court); FED. R. CIV. P. 4(d)(4) (proof of service not required where plaintiff files waiver of service))).

The Court ordered Plaintiff to show cause, within ten (10) days of the date of the Show Cause Order, why his cause of action against Einck should not be dismissed under Rules 4(l) and (m) of the Federal Rules of Civil Procedure for lack of service and/or proof of service.[1] Plaintiff was advised that failure to show cause within ten days from the date of the order might result in a recommendation that Plaintiff's above case against Joseph D. Einck be dismissed without prejudice.

To date, Plaintiff has not filed any response as ordered by the Court. Plaintiff has failed to show good cause for his failure to properly serve the summons and complaint upon Joseph D. Einck within the time prescribed by the Rules. Accordingly, it is

**RECOMMENDED** that the above-entitled and numbered cause of action against the remaining Defendant, Joseph D. Einck, be **DISMISSED WITHOUT PREJUDICE** for failure to

---

[1] Federal Rule of Civil Procedure 4(l) provides that unless service is waived, proof of service must be made to the court and that except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit. FED. R. CIV. P. 4(l).

show cause and for failure to perfect service. It is further

**RECOMMENDED** that the Court instruct the Clerk of the Court to close the above case.

<u>Objections</u>

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

SIGNED this the 1st day of August, 2022.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE